UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFM                    Date: November 04, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                            N/A    
    Deputy Clerk                                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                            Not Present

PROCEEDINGS:     **(IN CHAMBERS) ORDER (1) TO SHOW CAUSE RE
                 MISJOINDER AND (2) CONTINUING HEARINGS ON
                 DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**

     Before the Court are four Motions to Dismiss and Strike filed by various
Defendants[1] in this case.  (Docs. 70-73.)  Having reviewed the motions and the
underlying Second Amended Complaint ("SAC," Doc. 69), the Court (1) ORDERS
Plaintiffs to show cause as to why the Court should not sever Plaintiffs as misjoined and
(2) CONTINUES the hearings on Defendants' four motions to January 24, 2020, at 10:30
a.m.

     In this action, Plaintiffs[2] claim that they are victims of a scheme by which
Defendants allegedly conspired to target individuals "struggling with making timely
payments on their student loan accounts" and defraud them out of tens of thousands of
dollars with promises of a "purported, but non-existent, 'student loan debt resolution
program.'"  (SAC ¶¶ 5-11, 93, 98.)  However, Plaintiffs have no connection to one
another and are citizens of a number of different states. Each asserts claims arising from
distinct transactions with the alleged RICO enterprise and involving different student
loan accounts.  (SAC ¶¶ 65-204.)

---

[1] The following parties are Defendants in this action:  Kevin Mason, Kevin Mason, P.A., Chantel
Grant, GM Law Firm, LLC, National Legal Support Staffing, LLC, Resolvy, LLC, Reliant
Account Management, LLC, Gregory Fishman, and Julie Queler.
[2] In its current form, this litigation involves twelve Plaintiffs and nine Defendants.

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFM                    Date: November 04, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

Fed. R. Civ. P. 20(a) provides that a person may be joined as a plaintiff in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). And a court may do so by motion or *sua sponte*. Fed. R. Civ. P. 21. Under those circumstances, courts "can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Id.* (internal quotation omitted). "Even if [the Rule 20(a)] test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Store, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted) (relying in part on *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). The district court should "carefully [weigh] the arguments in favor of and against joinder," but is vested with "broad discretion with which [to determine the appropriateness of] severance." *Coleman*, 232 F.3d at 1297.

Based on a review of the pending motions and the allegations in the SAC, it appears that Plaintiffs have been misjoined. Accordingly, Plaintiffs are ORDERED to show cause, in writing, no later than **fourteen (14) days** from the date of this Order, why the Court should not sever the misjoined Plaintiffs. Defendants may file a separate, consolidated brief by the same date explaining their position on the matter of severance. Briefing by the parties shall not exceed **twenty (20) pages**.

Further, the Court CONTINUES the hearings on Defendants' Motions to Dismiss and Strike (Docs. 70-73) from November 8, 2019, at 10:30 a.m. to January 24, 2020 at 10:30 a.m.

Initials of Preparer:  tg