UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-02010-JLS-DFM                                    Date: December 30, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:**   **(IN CHAMBERS) ORDER SEVERING MISJOINED PLAINTIFFS**

On November 4, 2019, the Court ordered Plaintiffs to show cause why the Court should not sever Plaintiffs as misjoined. (Doc. 94.) As permitted by the Court, Plaintiffs and Defendants both filed responsive briefing. (Plaintiffs' Response, Doc. 95; Defendants' Response, Doc. 96.) Having considered the briefing, the Court finds misjoinder and SEVERS all Plaintiffs[1] except for the first-named Plaintiff, Vivian Grijalva.

## I.   BACKGROUND

In this action, Plaintiffs claim that they are victims of a scheme by which Defendants[2] allegedly conspired to target individuals "struggling with making timely payments on their student loan accounts" and defraud them out of tens of thousands of dollars with promises of a "purported, but non-existent, 'student loan debt resolution program.'" (SAC ¶¶ 5-11, 93, 98, Doc. 69.) In the SAC, Plaintiffs bring five claims for

---

[1] The following parties are Plaintiffs in this action: Vivian Grijalva, Evan Wendt, Jasmine Young, Erinn Sudol, Jennifer Ackerman, Elizabeth Ripoli, Jamie Sweat, Jetzebell Garcia, Ericka Zura, Zachary Hodges, Michael Pari, and Anthony Pari.

[2] The following parties are Defendants in this action: Kevin Mason, Kevin Mason, P.A., Chantel Grant, GM Law Firm, LLC, National Legal Support Staffing, LLC, Resolvy, LLC, Reliant Account Management, LLC, Gregory Fishman, and Julie Queler.

---

**CIVIL MINUTES – GENERAL**        1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFMDate: December 30, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

relief: (1) civil violation of the Racketeer and Influenced Corrupt Organizations Practices Act ("RICO"); (2) violation of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("TCFAPA"); (3) fraud; (4) legal malpractice; and (5) breaches of the duty of good faith and fair dealing. (See SAC ¶¶ 209-60.)

## II. **LEGAL STANDARD**

Fed. R. Civ. P. 20(a) provides that a person may be joined as a plaintiff in an action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (citing Fed. R. Civ. P. 21). And a court may do so by motion or *sua sponte*. Fed. R. Civ. P. 21. Under those circumstances, courts "can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs against some or all of the present defendants based on the claim or claims attempted to be set forth in the present complaint." *Id*. (internal quotation omitted). "Even if [the Rule 20(a)] test is satisfied, district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Acevedo v. Allsup's Convenience Store, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (internal citations omitted) (relying in part on *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000)). The district court should "carefully [weigh] the arguments in favor of and against joinder," but is vested with "broad discretion with which [to determine the appropriateness of] severance." *Coleman*, 232 F.3d at 1297.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFM                                    Date: December 30, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

### III. DISCUSSION

#### A. Factual Dissimilarity

To meet Rule 20(a)'s first requirement, there must be "factual similarity in the allegations supporting Plaintiffs' claims." *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). The requisite similarity is missing, even in the presence of conclusory allegations that defendants engaged in "regular or systematic" conduct, if their interactions with Plaintiffs were not uniform. *See id*. Here, the common theme among the twelve named Plaintiffs is that each alleges that he or she was defrauded by Defendants. However, Plaintiffs, completely unconnected to each other and dispersed across the county, assert claims arising from distinct transactions with the alleged RICO enterprise and involving different student loan accounts. (SAC ¶¶ 65-204.)

Plaintiffs mistakenly assert that they "are united by a nearly-identical series of (fraudulent) transactions." (Plaintiffs' Response at 2.) They contend that "[t]here are no material, or substantive, differences in the facts underlying any of the Plaintiff's claims" and the only difference among the claims is the amount of money stolen. (*Id*. at 2, 5.) But this is not so, and the independent transactions at issue here are not uniform. For example, while Vivian Grijalva alleges that she was contacted by an "agent of [National Legal Staffing Services]," other Plaintiffs claim to have been solicited by "persons claiming to be with the Kevin Mason law firm" or "persons claiming to be with the GM law firm." (*See, e.g.*, *id*. ¶¶ 65, 149, 170.) And while most Plaintiffs unequivocally assert that the "student loan debt resolution program" was completely non-existent (*see, e.g.*, *id*. ¶¶ 120, 132, 152), Wendt acknowledges that "Defendants hired New York counsel … Glen Kurtis" to defend him in a New York state court collections lawsuit filed by his student loan creditor (*Id*. ¶¶ 96-99). Further, Zura has alleged, unlike the remainder of the plaintiffs, that she entered into an agreement to resolve not only student loan debt, but also consumer loan debt. (*Id*. ¶¶ 172-73.) Accordingly, the allegations of the SAC do not satisfy Rule 20(a)'s first requirement. *See Coughlin*, 130 F.3d at 1350 (explaining that the existence of common allegations, alone, does not convert independent events into a Rule 20(a) "same series of transactions or occurrences");

**CIVIL MINUTES – GENERAL**                                    3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFM                                    Date: December 30, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

*Martinez v. Encore Credit Corp.*, No. CV 09-5490 AHM (AGRx), 2009 WL 3233531, at *2, (C.D. Cal. Sept. 30, 2009) (collecting cases).

### B.  Lack of Common Questions

When joined plaintiffs' claims are "discrete[] and involve[] different legal issues, standards, and procedures" that would require the Court to "give each claim individualized attention," they are inadequate under Rule 20(a)'s second requirement. *Coughlin*, 130 F.3d at 1351. As noted above, Plaintiffs have no connection to one another and were citizens of nine different states when the wrongdoing alleged in the SAC occurred. (SAC ¶¶ 12-22.) Nevertheless, Plaintiffs argue that "[t]here are no differences, at all, in the legal questions raised by the Plaintiff's respective claims in this matter." (Plaintiffs' Response at 6.) Accordingly, under Plaintiffs' assessment, "[c]ommon, if not identical, questions of fact and law overwhelmingly predominate over any individualized questions in this matter." (*Id.* at 7.) The Court disagrees.

As to the SAC's federal law claims, especially in light of the numerous factual differences outlined above, "the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351. Further, as to the SAC's state-law tort claims, if this case moves forward with the presently joined Plaintiffs, this Court must abide by California's choice-of-law principles, which could result in the application of nine separate states' laws. *See In Re Henson*, 869 F.3d 1052, 1059-60 (9th Cir. 2017); *Bartel v. Tokyo Electric Power Company, Inc.*, 371 F. Supp. 3d 769, 789-90 (S.D. Cal. 2019). Here, the Court would need to conduct an individualized factual analysis of the allegations underlying each Plaintiff's claims and then apply the laws of a number of states. This clearly demonstrates that Plaintiffs have also failed to meet Rule 20(a)'s second requirement. *See Coughlin*, 130 F.3d at 1350; *Visendi*, 733 F.3d at 870.

In this instance, "trial efficiency will not be promoted by allowing all Plaintiffs to bring a single case. Each claim raises potentially different issues and must be viewed in a separate and individual light by the Court." *Coughlin*, 130 F.3d at 1350.

### C.  No Substantial Right is Prejudiced by Severance

**CIVIL MINUTES – GENERAL**                     4

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-02010-JLS-DFM　　　　　　　　　　　　　Date: December 30, 2019
Title: Vivian Grijalva, et al v. Kevin Mason, P.A., et al

　　"Moreover, severing Plaintiffs will not prejudice any substantial right." *Id*. Plaintiffs assert that upon severance, the dropped Plaintiffs "run the risk of losing their access to a forum of justice over this dispute, since they are not California citizens" and "finding counsel to represent victims of this type of fraud is incredibly difficult." (Plaintiff's Response at 7.) These are not sufficient reasons to allow this action to move forward with misjoined parties. The severed Plaintiffs are free to institute new actions and bring their claims in the appropriate forums. Additionally, "[t]he possibility that a court may elect to drop misjoined parties is a risk assumed by the plaintiff who chooses to prosecute an action in violation of Rule 20." *Robinson v. Geithner*, No. 1:05-cv-01258-LJO-SKO, 2011 WL 66158, at *9 (E.D. Cal. Jan. 10, 2011). As this case is still in its early stages, the Court does not find that prejudice would result from severing the misjoined Plaintiffs. *Cf. id*. at *10 (noting that there was a greater possibility of prejudice from severance when a case was approximately "six years old, discovery [was] nearly complete, and a significant amount of judicial resources ha[d] already been expended").

## IV.　**CONCLUSION**

　　For the foregoing reasons, the Court FINDS misjoinder and SEVERS all Plaintiffs except for the first-named Plaintiff, Vivian Grijalva. Accordingly, the Court DISMISSES WITHOUT PREJUDICE the claims asserted by those eleven Plaintiffs.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer: tg

___