SCOTT B. LIEBERMAN, Cal. Bar No. 208764
  *slieberman@ftrlfirm.com*
**FINLAYSON TOFFER**
**ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 250
Irvine, California 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Defendants
NATIONAL LEGAL STAFFING
SUPPORT, LLC; RESOLVLY, LLC;
GREGORY FISHMAN and JULIE QUELER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVIAN GRIJALVA; EVAN WENDT; JASMINE YOUNG; ERINN SUDOL; JENNIFER ACKERMAN; ELIZABETH RIPOLI; JAIME SWEAT; JETZEBELL GARCIA; ERICKA ZURA; ZACHARY HODGES; MICHAEL PARI; and ANTHONY PARI, individually,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN MASON, P.A.; GM LAW FIRM, LLC; KEVIN P. MASON, in his individual capacity; CHANTEL L. GRANT, in her individual capacity; NATIONAL LEGAL STAFFING SUPPORT, LLC; RELIANT ACCOUNT MANAGEMENT (RAM), LLC; RESOLVLY, LLC; GREGORY FISHMAN, in his individual capacity; JULIE QUELER, in her individual capacity; JOHN AND JANE DOE DEFENDANTS 1-5; and XYZ BUSINESS ENTITY DEFENDANTS 1-5,<br><br>Defendants. | Case No. 8:18-cv-02010-MCS (DFMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed: November 13, 2018<br>Final Pretrial Conf.: May 28, 2021<br>Trial Date: Not yet set |

# STIPULATION

IT IS HEREBY STIPULATED by all parties to this action, by and through their respective attorneys of record, that discovery or disclosure in this case of specified private, privileged, proprietary, trade secret and/or confidential information shall be had on the following terms and conditions:

## 1. DEFINITIONS

**1.1** As used herein, the phrase "Confidential Information" means and includes: (a) anything that a party contends qualifies as a Trade Secret under California Civil Code § 3426 *et seq.*; (b) any proprietary information, document, or thing which has not been made public and which concerns or relates to the processes, operations, sales, identification of customers, income, profits, losses, or expenditures of any persons, corporation, or other organization, the disclosure of which information may have the effect of causing harm to the competitive position of the person, corporation, or to the organization from which the information was obtained; (c) non-public data derived, copied, or extracted from such information, including any summaries, compilations, quotes, or paraphrases thereof; or (d) testimony by any witness or conversations or presentations by parties or their counsel concerning (a), (b) or (c) above.

**1.2** As used herein, the terms "document" or "documents" mean and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, computer files, disks, affidavits, briefs, pleadings, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions or document requests, and motions, including copies or computer-stored versions of any of the foregoing, as well as anything meeting the definition of a "writing" as used in Cal. Evid. Code § 250.

## 2. DESIGNATION OF CONFIDENTIAL INFORMATION

**2.1** This Stipulated Protective Order applies to all discovery responses in this case and any other documents or materials containing Confidential

Information disclosed in this action that are designated by a party, whether such disclosure is during the course of investigation, discovery, or motions, by order of the Court, in response to questions in a deposition, requests for the production of documents and other tangible things and responses thereto, or any other discovery undertaken in this action.

**2.2** Any party may designate Confidential Information, as defined above, as "**CONFIDENTIAL**" prior to or at the time of disclosure. Such designation shall be made by placing the appropriate designation on every page of each document so designated, if practical, in such a manner so as not to alter the original of any such document. In the case of information disclosed in or by a non-paper medium (e.g., videotape, audiotape, computer disk, or other tangible thing), the appropriate designation shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation. Such designation is deemed to apply both to the document or other material itself and to the Confidential Information contained therein or thereon.

**2.3** Confidential Information shall be used only for the purposes of this litigation and may not be used by any party to which or whom that information is produced or disclosed for any other purpose.

**2.4** The parties and/or their attorneys shall use reasonable care and diligence to avoid designating any documents or materials as **CONFIDENTIAL** that are not entitled to such designation.

**2.5** Regardless of designation pursuant to this Stipulated Protective Order, if a document or testimony makes reference to the actual or alleged conduct or statements of a person who is a potential witness in this action, counsel may discuss such conduct or statements with such witness without revealing any portion of the document or testimony other than that which specifically refers to such conduct or statement, and such discussion shall not constitute disclosure within the terms of Paragraph 5 below.

**2.6** The parties agree that a protective order for Confidential Information is justified in this matter to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable and necessary uses of such material in preparation for and in the conduct of trial, to address the handling of such information at the end of the litigation, and to serve the ends of justice.

## 3. DEPOSITIONS

**3.1** With respect to the examination of witnesses upon oral deposition, when Confidential Information is supplied to the deponent, or when the deponent's testimony contains, reflects, or comments on Confidential Information, the deposition reporter and/or videotape operator shall be informed of this Stipulated Protective Order by the party seeking to invoke its protection.  If deposition testimony is designated as **CONFIDENTIAL** at a deposition, the portion of the testimony so designated shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped).  The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words "**CONFIDENTIAL**" or "**CONTAINS CONFIDENTIAL INFORMATION**," as appropriate.  Counsel for the parties shall then take appropriate steps to prevent such separate transcript or videotape so designated from being disclosed to any person, except as provided in this Stipulated Protective Order.

**3.2** If Confidential Information is to be discussed or disclosed in a deposition, any party claiming such confidentiality may exclude from the room any person who is not entitled to disclosure of such Confidential Information during that portion of the deposition in which the Confidential Information is actually discussed or disclosed.

**3.3** Nothing herein shall preclude a party from showing any deponent in this action documents or other materials designated as **CONFIDENTIAL** if said deponent was the author, sender, or a recipient of such documents or other materials or can otherwise be demonstrated to have had prior access to or receipt of said documents or materials or the information contained therein.

## 4. DEPONENTS AND THIRD PARTY WITNESSES BOUND BY THIS PROTECTIVE ORDER.

**4.1** Each deponent or third party witness to whom any party proposes to disclose Confidential Information at a deposition, hearing, or other proceeding shall first be given a copy of this Stipulated Protective Order and informed of its contents; shall agree to be bound by the obligations of confidentiality and non-disclosure as set forth in this Stipulated Protective Order; and shall either (a) execute a declaration in the form attached hereto as Attachment A, or (b) shall orally agree, if such oral agreement is made on the record, to be bound by its terms, which shall also be made a part of the record.

## 5. ACCESS TO CONFIDENTIAL INFORMATION

**5.1** All Confidential Information shall be maintained in confidence and shall not be disclosed, directly or indirectly, to any person or entity except as provided in this Stipulated Protective Order.

**5.2** Access to and/or disclosure of information designated as **CONFIDENTIAL** shall be limited to the following "Qualified Persons":

**5.2.1.** Counsel of record for the parties, their employees, their staff, and their support personnel (including any outside vendor for simple reproduction, computer scanning, photocopying, or other litigation support services).

**5.2.2.** Consultants and experts retained or consulted by counsel for the parties, provided the consultant or expert fulfills the conditions in Paragraph

5.4.

**5.2.3.** The parties to this case, and their officers, directors, in-house counsel and employees whose counsel of record believes in good faith have a need for access to such information for the preparation and trial of this action.

**5.2.4.** Deponents or third party witnesses who fulfill the conditions of Paragraph 4.1 above.

**5.2.5.** The Court and its authorized personnel.

**5.2.6.** Any person who created the document, previously received the document, or who counsel has a reasonable and good faith belief has independent knowledge of the Confidential Information.

**5.2.7.** Court reporters and their staff.

**5.2.8.** Any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**5.3** No Confidential Information received by any party or counsel in this lawsuit may be revealed or disclosed to any person or entity not described above.  Notwithstanding the foregoing, nothing in this Stipulated Protective Order shall be interpreted to prohibit the disclosure of any Confidential Information to any federal, state, or local governmental entity where there is a legal obligation or duty to make such disclosure.

**5.4** Each consultant authorized pursuant to Paragraph 5.2.2, shall, prior to being given access to Confidential Information, acknowledge in writing his or her familiarity with the terms of this Stipulated Protective Order and execute a declaration in the form specified in Attachment A hereto.

**5.5** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must: (a) promptly notify in writing the designating party, and such notification shall include a copy of the subpoena or

court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order, and such notification shall include a copy of this Stipulated Protective Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.  If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**6.     PARTY'S OWN INFORMATION.**

     **6.1**     Nothing in this Stipulated Protective Order shall affect the right of the designating party to disclose to its officers, directors, employees, consultants or experts, or to any other person, Confidential Information designated by it.

**7.     CHALLENGING A DESIGNATION.**

     **7.1**     In the event that a party at any time believes that designated Confidential Information should not be so designated, or that a different designation should be employed, counsel for that party shall so notify counsel for the designating party in writing.  Counsel for the complaining and designating parties then shall meet and confer in good faith concerning such disputed Confidential Information within ten (10) days of receipt of the notice.  If agreement is not reached within those ten (10) days, the complaining party may file a motion or application upon appropriate notice requesting that the Court order the removal of the designating party's designation or order a different designation.  Upon such

motion and in its opposition, the designating party bears the burden of proof to support the designation. The issue will be decided based on the motion and opposition with no other briefing. The designated Confidential Information shall be subject to and protected by this Stipulated Protective Order under the designation assigned by the designating party until the Court has ruled on any such motion.

**7.2** No party shall be obliged to challenge the propriety of a confidential designation at any specified time, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

## 8. <u>INADVERTENT FAILURES TO DESIGNATE / INADVERTENT DISCLOSURE.</u>

**8.1** The inadvertent failure to designate Confidential Information properly (or at all) in accordance with this Stipulated Protective Order prior to or at the time of disclosure shall not operate as a waiver of a party's right to thereafter designate such information as confidential within thirty (30) days after such disclosure or after actual notice of such inadvertent disclosure, whichever is later. With respect to documents or information produced prior to the entry of this Order by any party, the producing party shall have thirty (30) days from the entry of this Order within which to designate such matter as confidential.

**8.2** In the event that Confidential Information is designated as confidential after disclosure, all receiving parties shall employ reasonable efforts to ensure that all inadvertently disclosed information is subsequently treated as confidential pursuant to the terms of this Stipulated Protective Order.

**8.3** If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Nondisclosure Agreement" attached hereto as Exhibit A.

**9. MISCELLANEOUS.**

    **9.1**    A person with custody of documents designated **CONFIDENTIAL** shall maintain them in a manner that limits access to those documents to only those persons entitled under this Stipulated Protective Order to examine them. This provision does not apply to the Court or its authorized personnel.

    **9.2**    Unless counsel agree otherwise in writing, at the conclusion of this litigation, whether by settlement or final decision by the Court, all copies of any documents, other than attorney work product, containing designated Confidential Information produced by a party or third party shall be destroyed or returned to the party or third party producing such documents or writings. Notwithstanding the foregoing, outside counsel of record shall be permitted to retain a file copy of all pre-trial, trial, and post-trial materials, depositions and deposition exhibits, and document databases. Such file copies must be maintained under the conditions of maintaining information as set forth in Paragraph 9.1. This provision does not apply to the Court or its authorized personnel.

    **9.3**    The provisions of this Stipulated Protective Order apply to all proceedings in this action, including all hearings, settlement proceedings, arbitrations, trial, and all related proceedings.

    **9.4**    A designation of confidentiality pursuant to this Stipulated Protective Order shall be effective and shall be respected by the parties and all persons in any way involved in these proceedings or to whose attention Confidential Information shall come unless and until otherwise ordered by the Court or stipulated by all parties to this action. These obligations of confidentiality and non-disclosure shall survive the conclusion of this action unless and until otherwise ordered by the Court, or until all parties to this action stipulate that designated Confidential

Information can be disclosed.

    **9.5**    Nothing contained in this Stipulated Protective Order is intended to require the production of privileged documents or to prevent a party from objection to production on those or any other grounds. While the Court may consider the existence of this Stipulated Protective Order in determining whether a document is discoverable, this Stipulated Protected Order in and of itself does not make discoverable or admissible a document that is otherwise not discoverable or admissible based upon the objections asserted by a party with respect to that document. Unless the parties agree otherwise, evidence of the existence or non-existence of a designation under this Stipulated Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

    **9.6**    No party to this action, by entering into this Stipulated Protective Order, by designating certain information as confidential under this Stipulated Protective Order, or by acquiescing in any other party's or third-party's designation, shall be deemed to have admitted or agreed that any such designated information is, in fact, a trade secret or other confidential research, development, or commercial information subject to protection.

    **9.7**    The procedures for filing material containing documents or information designated as **CONFIDENTIAL** (including transcripts or videotape recordings of depositions containing such information) under seal shall be governed by Central District Local Rule 79-5. The parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal without following all applicable Rules, including any requirements to show with evidentiary support good cause or compelling reasons for filing under seal. The parties further acknowledge that: (i) any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted; (ii) if documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or

otherwise protectable portions of the document, shall be filed; and (iii) any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

        **9.8**    The Court retains jurisdiction even after termination of this action to enforce this Stipulated Protective Order and to make such deletions from or amendments, modifications, and additions to the Stipulated Protective Order as the Court may from time to time deem appropriate. The parties hereto reserve all rights to apply to the Court at any time, before or after termination of this action, for an order modifying this Stipulated Protective Order or seeking further protection against disclosure or use of claimed Confidential Information. After the final disposition of this action, within 60 days of a written request by the designating party, each receiving party must return all Confidential Information, including all documents that reproduce or capture any Confidential Information, to the producing party or destroy such material, and submit a written certification of compliance of same. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information, provided that all such material shall remain subject to this Stipulated Protective Order.

      Pursuant to Local Rule 5-4.3.4(a)(2)(i), the undersigned counsel for Defendants National Legal Staffing Support, LLC; Resolvly, LLC; Gregory Fishman; and Julie Queler certifies that the content of this document is acceptable to counsel for all other parties on whose behalf this filing is submitted, and that they have provided their authorization to affix their electronic signatures to this document.

**IT IS SO STIPULATED.**

DATED: October 12, 2020

                        THE LAW OFFICE OF MACY D. HANSON, PLLC

                        By     */s/ Macy D. Hanson*
                               MACY D. HANSON

                               Attorneys for Plaintiff
                               VIVIAN GRIJALVA

Dated: October 12, 2020

                        GAMEZ LAW FIRM, P.C.

                        By     */s/ Daniel Gamez*
                               DANIEL GAMEZ

                               Attorneys for Plaintiff
                               VIVIAN GRIJALVA

DATED: October 8, 2020

                        FINLAYSON TOFFER ROOSEVELT & LILLY LLP

                        By     */s/ Scott B. Lieberman*
                               SCOTT B. LIEBERMAN

                               Attorneys for Defendants
                             NATIONAL LEGAL STAFFING SUPPORT,
                             LLC; RESOLVLY; LLC, GREGORY
                             FISHMAN and JULIE QUELER

DATED: October 8, 2020

CLEMENT AND HO, APLC

By      */s/ Randall J. Clement*
          RANDALL J. CLEMENT

Attorneys for Defendant and Counterclaimant
GM LAW FIRM, LLC and Defendant
CHANTEL L. GRANT

DATED: October 9, 2020

SKANE WILCOX LLP

By      */s/ Joel P. Glazer*
          JOEL P. GLAZER

Attorneys for Defendants
KEVIN MASON, P.A. and KEVIN P. MASON

## **ORDER**

In consideration of the Parties' stipulation, and for good cause appearing, IT IS HEREBY ORDERED that the Stipulated Protective Order is **GRANTED**.

DATED: October 13, 2020

                    Hon. Douglas F. McCormick
                    United States Magistrate Judge

# ATTACHMENT "A"

# NONDISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am familiar with the terms of the Stipulated Protective Order ("Order") entered in <u>Vivian Grijalva v. Kevin Mason, P.A., et. al.</u>, United States District Court, Central District of California, Case No. 8:18-cv-02010-MCS (DFMx) (the "Action"), and hereby agree to comply with and be bound by the terms and conditions of said Order, unless and until modified by further order of the Court.  I will not disclose to any individuals, other than those specifically authorized by the Court or in the Order, any documents or information designated as Confidential Information pursuant to the Order which is disclosed to me.  Nor will I copy, use or disclose any documents or information designated as **CONFIDENTIAL** under the Order except for the purpose of the Action and/or any rights of any of the parties related to the Action and as authorized by the Order.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

Dated: _____     By

_____
SIGNATURE

Print Name: _____

Print Address: _____

_____